UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| RENE FELINO DOMINGO DE LEON,<br><br>Petitioner,<br><br>v.<br><br>FERETI SEMAIA, Warden, Adelanto ICE Processing Center, et al.,<br><br>Respondents. | Case No. 5:26-cv-04224-DTB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

## I.

## PROCEDURAL HISTORY

On July 28, 2026, petitioner Rene Felino Domingo De Leon ("Petitioner"), through counsel, filed a Verified Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") (Docket No. 1), along with three supporting exhibits (Docket No. 1-2-1-4).[1]

[1] For the parties' pleadings and exhibits, the Court cites to the CM/ECF pagination at the top of each page.

On August 5, 2026 (pursuant to General Order 26-05's expedited briefing schedule, see Docket No. 5), Respondents filed an Answer to the Petition. (Docket No. 7).

In the Answer, Respondents acknowledge that Petitioner appears to be a member of the Bond Eligible Class of detainees certified in Maldonado-Bautista v. Santacruz, Case No. 5:25-cv-01873-SSS-BFM in Maldonado Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) reconsideration granted in part, 813 F. Supp. 3d 1075 (C.D. Cal 2025), amended and superseded on reconsideration, 813 F. Supp. 3d 1084 (C.D. Cal 2025) ("Bautista"), and that, as such, Petitioner is entitled to a bond hearing pursuant to the judgment in Bautista. (Answer at 4 ["Respondent[s] acknowledge[] that Petitioner's claim in this action appears to be subject to the *Bautista* judgment, the order enforcing the same, and to any applicable appellate proceedings relating to it."]).[2] In the Answer,

[2] The members of the certified Bond Eligible Class are: "All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." Bautista, 813 F. Supp. 3d at 1077-78.

On December 18, 2025, the court entered final judgment and granted declaratory relief to all members of the Bond Eligible Class. See Bautista, 813 F. Supp. 3d at 1084. Pursuant to the final judgment entered, the court declared that "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a)" and that "the Bond Eligible Class members are not subject to mandatory detention under § 1225(b)(2), and are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." Bautista v. Noem, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025). On February 18, 2026, the court granted a motion to enforce the declaratory judgment and vacated the Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025) as contrary to law under the Administrative Procedures Act. Bautista v. Santacruz, 2026 WL 468284, at *12 (C.D. Cal. Feb. 18, 2026). "On March 6, 2026, the Ninth Circuit administratively stayed the December 18, 2025 declaratory judgment in [Bautista] 'insofar as [it] extends beyond the Central District of California' pending a ruling on the Government's motion for a stay pending appeal." Castro v. Johnson, Case No. 5:26-cv-01592-PVC, 2026 WL 1104766, at *3 (citation omitted). "On March 31, 2026, the Ninth Circuit granted the government's emergency motion for a stay pending appeal as follows: (1) the Bautista court's December 18, 2025 class certification order and final judgment is stayed pending appeal, insofar as they extend beyond the Central

Respondents also state that "[w]hile Petitioner also seeks immediate release, to the extent Petitioner would be entitled to any remedy via the Petition, at most it would be ordering a bond hearing to be held before an Immigration Judge under Section 1226(a)." (Answer at 2).

Respondents further that that "[s]hould the Court enter relief in that regard, judgment may be entered immediately, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will then be necessary in this matter." (Id. at 3).

On August 6, 2026, Petitioner filed a Reply. (Docket No. 8). Petitioner states that "another bond hearing would be futile and because Respondents have failed to defend the legality of Petitioner's arrest and detention, immediate release is the only effective remedy. Petitioner requests that this Court grant the Petition and order his immediate release from unlawful immigration detention. Petitioner also requests that this Court grant the further relief sought in the Petition." (Reply at 6).

Thus, this matter is now ready for decision. For the reasons set forth below, the Court recommends that the Petition be granted.

---

District of California; and (2) the district court's February 18, 2026 post-judgment order vacating Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025) is stayed pending appeal." Vivas v. Santacruz, Case No. 5:26-cv-01926-JFW-KES, 2026 WL 1122208, at *1 (C.D. Cal. Apr. 20, 2026) (citation omitted). Therefore, "the Bautista court's December 18, 2025 judgment remains in place as to the Central District of California." Id. On April 10, 2026, the Ninth Circuit granted the parties' request to suspend the briefing schedule in Bautista pending the Ninth Circuit's decision in Rodriguez Vasquez v. Bostock, et al, No. 25-6842. (See Bautista, No. 25-7958, 26-1044, Dkt. No. 16). On July 30, 2026, the Ninth Circuit issued its opinion in Rodriguez Vasquez, -- F4th --, 2026 WL 2196424 (9th Cir. 2026) upholding the reasoning and conclusion of the Judgment in Bautista.

As such, the declaratory judgment entered in Bautista has "the force and effect of a final judgment or decree." 28 U.S.C. § 2201(a); see also Haaland v. Brackeen, 599 U.S. 255, 293 (2023) ("After all, the point of a declaratory judgment is to establish a binding adjudication that enables the parties to enjoy the benefits of reliance and repose secured by res judicata.") (citation and internal quotation marks omitted). As parties to Bautista, Respondents are obligated to comply. See Maness v. Meyers, 419 U.S. 449, 458 (1975) ("We begin with the basic proposition that all orders and judgments of courts must be complied with promptly.").

## II.

## BACKGROUND

Petitioner is a 46 year-old citizen and national of Guatemala. (Petition, ¶ 20; Docket No. 1-4 at 2). On an unknown date, Petitioner entered the United States and has been living continuously in the United States for 18 years. (Petition, ¶ 20). Petitioner has been working at a carwash washing cars. (Id.).

On June 25, 2026, at approximately 11:00 a.m., Petitioner was walking on a public street in Van Nuys, California, where he observed from across the street, an unmarked vehicle apprehending another individual. (Petition, ¶ 21; Docket No. 1-2, Declaration of Petitioner ["Petitioner Decl."], ¶ 3). Alarmed by what was occurring, Petitioner attempted to leave the area. (Id.). However, three vehicles approached Petitioner and conducted a stop. (Id.). Three agents, wearing masks ran towards Petitioner and took him into custody. (Id.).

Petitioner states that the events unfolded rapidly, and he believes that the individuals who apprehended him were armed. (Petition, ¶ 22; Petitioner Decl., ¶ 4). Petitioner was handcuffed and placed in a van near where he remained for approximately three hours while additional individuals were arrested and placed in the same vehicle. (Id.). Petitioner was then transported to a federal building in downtown Los Angeles and held in a jail cell. (Id.). While at the federal building, Petitioner was subjected by ICE officers to yelling and disparaging comments concerning his surname. (Id.). Petitioner was photographed and fingerprinted at the federal building before being transported to the detention facility in Adelanto, California. (Id.).

At no point during Petitioner's arrest or detention was Petitioner shown a warrant nor was he informed that any warrant had been issued. (Petition, ¶ 23; Petitioner Decl., ¶ 5).

On the I-213, Record of Deportable/Inadmissible Alien relating to Petitioner's encounter with ICE agents completed by ICE agent Diego Mendoz Jr., he claimed, that Petitioner admitted to being a citizen and national of Mexico which Petitioner alleges is not true. (Petition, ¶ 24; Petitioner Decl., ¶ 7).

On July 28, 2026, a bond hearing was held at Petitioner's request. (Petition, ¶¶ 25-26; Petition Exh. B at 1). At the July 28, 2026, bond hearing, the Immigration Judge ("IJ") denied bond, finding Petitioner ineligible. Specifically, the IJ stated that he had "carefully considered ... the orders of the United States Federal District Court for the Central District of California, including that court's orders issued on November 25, 2025, an[d] on December 18, 2025. See Maldonado Bautista v. Santacruz, No. 5:25-CV-01873- SSS-BFM (C.D. Cal.)." Id. Nevertheless, the IJ denied bond because Petitioner "is charged as a noncitizen present in the United States without having been inspected and admitted or paroled." Id. The IJ stated that he made an independent assessment of the relevant law and determined that he lacked jurisdiction based on Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025). Id.

Petitioner has family in the U.S. including one U.S. citizen sister who lives in Los Angeles. Petitioner was also gainfully employed in a carwash washing cars. (Petition, ¶ 27; Petition Exh., A). He earned enough to support himself and provide for his ill mother. Id.

Petitioner is being detained at the Adelanto ICE Processing Center in Adelanto, California. (https://locator.ice.gov/odls/#/results).

/ / /

/ / /

/ / /

/ / /

## III.
## PETITIONER'S CLAIMS

The Petition alleges the following claims for habeas relief: (1) Petitioner's detention is in violation of the Immigration and Nationality Act ("INA") (8 U.S.C. § 1226(a)); (2) Petitioner's detention is in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A); (3) Petitioner's detention is in violation of the Fourth Amendment to the United States Constitution; (4) Petitioner's arrest is in violation of the INA (8 U.S.C. § 1226(a)); and (5) Petitioner's detention is in violation of Petitioner's right to substantive due process under the Fifth Amendment. (Petition at 22-26).

## IV.
## LEGAL AUTHORITY

A writ of habeas corpus is "available to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds of their detention violates the Constitution or other federal laws. 28 U.S.C. § 2241(c)(3); Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)

(federal courts retain jurisdiction to consider habeas relief under Section 2241 for noncitizens subject to detention following an order of removal).

Here, Petitioner has raised claims under the Due Process Clause of the Fifth Amendment, which prohibits deprivations of life, liberty, and property without due process of law. See U.S. Const., amend. V. These protections extend to noncitizens present in the United States. See, e.g., Trump v. J.G.G., 604 U.S. 670, 673 (2025) (*per curiam*) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings." (internal quotation marks omitted)); Zadvydas, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); Hussain v. Rosen, 985 F.3d 634, 642 (9th Cir. 2021) ("The Fifth Amendment entitles aliens to due process of law in deportation proceedings." (internal quotation marks and brackets omitted)). Indeed, "the government's discretion to incarcerate noncitizens is always constrained by the requirements of due process ...." Hernandez v. Sessions, 872 F.3d 976, 981 (9th Cir. 2017).

Due process "is a flexible concept that varies with the particular situation." Zinermon v. Burch, 494 U.S. 113, 127 (1990). Indeed, the Due Process Clause provides both procedural and substantive protections. See, e.g., Regino v. Staley, 133 F.4th 951, 959 (9th Cir. 2025) ("This clause protects individuals against two types of government action: violations of substantive due process and procedural due process." (internal quotation marks omitted)). To determine whether detention violates procedural due process, courts frequently apply the three-part test set forth in Mathews v. Eldridge, 424 U.S. 319 (1976). See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (collecting cases and applying the Mathews test to a constitutional challenge to detention pursuant to 8 U.S.C. § 1226(a)). Under

Matthews, courts weigh the following three factors: (1) "[T]he private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Mathews, 424 U.S. at 335; see also id. at 332 ("Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment.").

## V.
## DISCUSSION

### A. **Habeas Relief is Warranted.**

As noted above, the Petition alleges, *inter alia*, that Petitioner's detention violates his right to due process under the Fifth Amendment. (Petition at 3, 25).

Given Respondents' election not to oppose the merits of the claims alleged in the Petition, the Court finds that Respondents have consented to the facts and arguments raised therein pursuant to Central District of California Local Civil Rule 7-12. Accordingly, the Court considers the facts and contentions alleged by Petitioner to be unopposed.

Petitioner alleges that he is forty-six years old and has resided in the United States since arriving 18 years ago. (Petition, ¶ 20). There is no indication Petitioner has any type of criminal record, and Petitioner maintains that he has been working at a carwash washing cars. (Id.). On June 25, 2026, Petitioner was arrested and taken into custody. (Id.). At no point during Petitioner's arrest or detention was he shown a warrant nor was he informed that any warrant had been issued. (Petition, ¶

23; Petitioner Decl., ¶ 5). Following his arrest and detention on July 28, 2026, Petitioner received a bond hearing before an IJ. (Petition, ¶¶ 25-26; Petition, Exh. B). At the hearing, the IJ stated that he had considered the orders from the United States District Court in the matter of Maldonado Bautista v. Santa Cruz, Case No. 5:25-cv-01873-SSS-BFM (C.D. Cal.) (which mandate bond hearings for the class of detainees and which petitioners and member), but had made "an independent assessment of the relevant law and determined that he lacked jurisdiction based on Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025)," and, therefore, based on Petitioner's status as a noncitizen charged with being present in the United States without inspection, admission or parole, denied Petitioner bond. (Id.).

1. Procedural Due Process.

The Fifth Amendment provides that "[n]o person shall . . . be deprived of . . . liberty . . . without due process of law." U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause] protects." Id. at 690; see also United States v. Salerno, 481 U.S. 739, 755 (1987) ("In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception."). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (collecting cases).

Generally, the Due Process Clause "requires some kind of a hearing *before* the State deprives a person of liberty or property." Zinermon v. Burch, 494 U.S. 113, 127 (1990) (emphasis in original). As noted above, in Mathews, 424 U.S. at 335, the Supreme Court established three factors for a court to consider for purposes

of determining what process is constitutionally sufficient to protect a liberty interest.

Thus, the Court considers the Mathews factors as applied to Petitioner's claim.

a. Private Interest

The facts alleged in the Petition are undisputed. As such, Petitioner has developed a substantial liberty interest in remaining out of custody based on the life he built in the United States since arriving approximately 18 years ago. See, e.g., Tinoco v. Noem, 818 F. Supp. 3d 1141, 1152 (E.D. Cal. 2025) ("The length of time and the connections Petitioner made with his community during that time create a powerful interest for Petitioner in his continued liberty."); Manzanarez v. Bondi, Case No. 1:25-cv-01536-DC-CKD (HC), 2025 WL 3247258, at *4 (E.D. Cal. Nov. 20, 2025) (finding that the petitioner had a private interest in remaining free from detention where "he was released on his own recognizance for over two years and complied with his [order of release on recognizance] conditions during that time"); Cruz v. Lyons, Case No. 5:25-cv-02879-MCS-MBK, 2025 WL 4051129, at *3 (C.D. Cal, Nov. 6, 2025) (finding the petitioner had a protectable liberty interest in remaining on supervised immigration release); C.A.R.V. v. Wofford, Case No. 1:25-CV-01395 JLT SKO, 2025 WL 3059549, at *10 (E.D. Cal. Nov. 1, 2025) ("As to private interest, during his approximately four years on parole, C.A.R.V. obtained permission to work, pursued gainful employment, and built a relationship with his fiancé and many others in his community. . . . Petitioner has a substantial private interest in being out of custody and his detention denies him that liberty interest."); López, 2025 WL 2959319, at *6 ("Petitioner had been out of custody for nearly four years, and during that time, began a life in the United States, living with her partner and complying with the terms of her release. Her detention

denies her that freedom."); Garcia v. Andrews, Case No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *4 (E.D. Cal. July 14, 2025) ("The length of time and the connections Petitioner made with his community during that time create a powerful interest for Petitioner in his continued liberty."). This "liberty is valuable and must be seen as within the protection of the [Due Process Clause]." Morrissey v. Brewer, 408 U.S. 471, 482 (1972).

b. Risk of Erroneous Deprivation

The absence of a pre-detention hearing under these circumstances presents an unacceptable risk that the government would erroneously deprive Petitioner of his liberty interest. Civil immigration detention is permissible only to prevent flight or reduce the risk of danger to the community. Zadvydas, 533 U.S. at 690-91. Cf. e.g., Padilla v. Bowen, Case No. 2:25-cv-10780-CAS-SK, 2025 WL 3251368, at *7 (C.D. Cal. Nov. 21, 2025); Sequen v. Albarran, Case No. 25-cv-06487-PCP, 2025 WL 2935630, at *11 (N.D. Cal. Oct. 15, 2025); Singh v. Andrews, Case No. 1:25-cv-00801-KES-SKO (HC), 2025 WL 1918679, at *7 (E.D. Cal. July 11, 2025). Here, there is no evidence that Petitioner is either a risk of flight or a danger to the community. Therefore, without a pre-deprivation hearing, there exists a significant risk of erroneous deprivation of Petitioner's liberty interest. See Fernandez v. Semaia, Case No. 5:25-cv-03412-SPG-MBK, 2026 WL 136229, at *6 (C.D. Cal. Jan. 13, 2026) ("[T]he risk of erroneous deprivation is high because [the petitioner] has been afforded no process and there is no evidence of any changed circumstances that would justify his re-detention.").

c. Government Interest

As for the third Mathews factor, "as many other courts have recognized, there is no meaningful countervailing Government interest that supports detaining noncitizens like petitioner without a pre-detention hearing." Cruz, 2025 WL

4051129, at *4 (collecting cases). Here, Respondents have not made any argument, let alone a compelling argument, as to why Petitioner should be detained without a pre-detention hearing. Moreover, "any fiscal or administrative burden on the additional procedural safeguard of a hearing before neutral adjudicator imposes on the Government is at most minimal'[.]" Sun v. Santa Cruz, Case No. 5:25-cv-02198-JLS-JC, 2025 WL 2730235, at *6 (C.D. Cal. Aug. 26, 2025) (citation omitted).

Therefore, there is a great risk that the lack of a pre-detention process has resulted in Petitioner's unnecessary detention. See Mourey v. Bowen, Case No. 5:25-cv-03262-WLH (DTB), 2026 WL 467567, at *4 (C.D. Cal. Jan. 31, 2026) ("Pursuant to the holding in Mathews, Petitioner should have been afforded a pre-detention hearing."), report and recommendation adopted, 2026 WL 464788 (C.D. Cal. Feb. 17, 2026); López, 2025 WL 2959319, at *6 ("On balance, the Mathews factors show that petitioner is entitled to a bond hearing, which should have been provided before she was detained.").

Accordingly, the Court concludes that the government's July 28, 2026 detention of Petitioner, who has developed a significant liberty interest during his stay of approximately 18 years in the United States, without first providing him with notice and opportunity for a hearing before a neutral adjudicator, violated his right to procedural due process under the Fifth Amendment. [3]

As for the appropriate process due to Petitioner to cure Respondents' constitutional violation, the Court first considers a bond hearing. As Respondents concede (see Docket No. 7 at 2), Petitioner is entitled to an individualized bond hearing under Bautista. However, on July 28, 2026, the Immigration Judge denied

---

[3] The Court's determination that Petitioner is entitled to habeas relief on his due process claim alleged in the Petition renders it unnecessary for the Court to address the merits of other claims alleged in the Petition.

Petitioner's request for bond on jurisdictional grounds (see Docket No. 1-3), which was contrary to Respondents' obligation to comply with the December 18, 2025 declaratory judgment in Bautista and is not in accordance with the Ninth Circuit's administrative stay.

Although Respondents contend that the Court should order another bond hearing (Docket No. 7 at 3), the Court agrees with Petitioner that a further bond hearing in this action would be futile (Docket No. 8 at 3-4). See Hernandez v. Mullin, Case No. 5:26-cv-01949-AJR, 2026 WL 1196341, at *3 (C.D. Cal. April 28, 2026) ("However, the undisputed facts here demonstrate that ordering another bond hearing that complies with the December 18, 2025 declaratory judgment in Maldonado Bautista would be futile. In light of the very recent bond hearing where the Immigration Judge failed to comply with the declaratory judgment by finding that it lacked jurisdiction, . . . the Court concludes that the outcome would be the same should the Court order the Immigration Judge to hold another bond hearing in compliance with the December 18, 2025 declaratory judgment."); Castro v. Johnson, Case No. 5:26-cv-01592-PVC, 2026 WL 1104766, at *3 (C.D. Cal. Apr. 17, 2026) ("[T]he undisputed facts here demonstrate that ordering another bond hearing that complies with the December 18, 2025 declaratory judgment in Maldonado Bautista would be futile. In light of the Ninth Circuit's administrative stay of the Maldonado Bautista court's February 18, 2026 Order vacating the Matter of Yajure Hurtado, 29 I&N Dec. 216, 229 (BIA 2025), the Immigration Judge would be required to once again deny bond on lack of jurisdiction."); Kun v. Janecka, Case No. 5:26-cv-01280-AYP, 2026 WL 931541, at *5 (C.D. Cal. Apr. 3, 2026) ("To the extent immigration judges consistently invoke Hurtado as governing authority to deny bond in analogous cases, the Court is inclined to agree with [the petitioner] that ordering a

Bautista section 1226(a) bond hearing as a remedial measure would likely be futile.").

The Court finds that the IJ's refusal to recognize the binding authority of the District Judge's order in Maldonado Bautista renders any further bond hearing futile. Respondents have offered no explanation as to why the IJ was authorized to ignore a binding order of a court in this District, nor have they offered any rationale as to why the IJ would be any more likely (or inclined) to follow the binding order of a court in this District post-petition.

Therefore, the Court finds that the proper remedy is Petitioner's immediate release from custody. See Procopio v. Mullin, Case No. 5:26-cv-01793-SP, 2026 WL 1045658, at *3 (C.D. Cal. Apr. 13, 2026) ("[G]iven the facts of the case, including petitioner's lack of criminal history, the exigent circumstances of protecting petitioner's constitutional rights, and futility of ordering another bond hearing, the court finds that immediate release is the proper remedy."); Nazarian v. Noem, Case No. 5:25-cv-02694-KK-DSR, 2025 WL 3236209, at *7 (C.D. Cal. Nov. 3, 2025) ("While [the respondents] argue the proper relief is remedying the specific procedural defects rather than releasing [the petitioner from custody, . . ., the Court rejects this argument. Here, [the petitioner's] release is necessary to return him to the status quo. . . . Accordingly, [the] petitioner's release from custody is the appropriate remedy.").

## VI.

## CONCLUSION

IT THEREFORE IS ORDERED that: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued ordering Respondents to immediately release Petitioner Rene Felino Domingo De Leon (A# 246-061-128) from custody subject to the same conditions (if any) that he was subject to at the time he was

arrested and detained; (3) enjoining Respondents and their officers, agents, employees, attorneys and persons acting on their behalf in concert or in participation with them, from re-detaining Petitioner without notice and a pre-detention hearing before a neutral arbiter at which the government bears the burden of proving that Petitioner is a flight risk or danger to the community; and (4) Respondents shall file a status report within two (2) business days to confirm that Petitioner has been released from custody pursuant to this Order.

DATED: August 18, 2026

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE